IN THE UNITEDS STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CM REGENT INSURANCE COMPANY a/s/o<br>LEHIGH CARBON COMMUNITY COLLEGE<br>4525 Education Park Drive<br>Schnecksville, PA 18078<br><br>            Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION<br>5600 N. River Road, Suite 250<br>Rosemont, IL 60018<br><br>            Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, CM Regent Insurance Company ("CM Regent") as subrogee of Lehigh Carbon Community College ("LCCC"), by and through its undersigned counsel, hereby brings this Complaint against Defendant, Dometic Corporation (hereinafter "Dometic"), and, upon information and belief, avers as follows:

**PARTIES**

1. Plaintiff, CM Regent is an insurance company with a principal place of business at 300 Sterling Parkway, Suite 100, Mechanicsburg, PA 17050, and insured the property owned by Lehigh Carbon Community College ("LCCC"), located at 4525 Education Park Drive, Schnecksville, PA 18078.

2. Defendant, Dometic, is a corporation organized under the laws of the state of Delaware, and at all times material hereto, engaged in, *inter alia*, the design, manufacture, marketing, sales, and distribution of heating, ventilation, and air conditioning products and equipment, with a principal place of business located at 5600 N. River Road, Suite 250, Rosemont, IL, 60018.

### JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists with respect to the parties, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S. Code § 1391 in that (1) the Eastern District of Pennsylvania is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and (2), the property that is the subject of the action is situated within this judicial district.

### GENERAL ALLEGATIONS

5. On or about February 3, 2021, a fire occurred within a classroom trailer ("subject classroom trailer") owned by LCCC.

6. The subject classroom trailer was equipped with a Model No.: 57915.751 Dometic roof-top heating and air conditioning unit ("subject roof-top unit" or "subject RTU") that was designed, manufactured, assembled, marketed, and sold by Dometic.

7. The fire originated in the subject RTU of the subject classroom trailer.

8. As a result of the incident, the subject classroom trailer sustained significant fire and smoke damage.

9. At all time material hereto, CM Regent provided auto and inland marine insurance for the trailer and its contents, respectively.

10. As a result of the fire, LCCC filed an insurance claim with CM Regent for property damage caused by the incident.

11. CM Regent adjusted the loss and determined the total damage to be $80,314.83.

12. As a result of the insurance claim, CM Regent made payments of $54.814.83 to LCCC for the restoration, repair, and replacement of the damaged property.

13. LCCC incurred an uninsured loss of $25,500 for two deductibles that were applied.

14. LCCC assigned all of its rights, interests and claims arising out of the fire to CM Regent.

15. As a result of these payments and assignment, CM Regent now, as subrogee and assignee of the Lehigh Carbon Community College, seeks to recover the aforementioned damages.

## COUNT I
### NEGLIGENCE

16. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully at length herein.

17. Dometic owed a duty of care of one engaged in the business of designing, manufacturing, assembling, marketing, and selling heating, ventilation, and air conditioning ("HVAC") products and equipment, including the subject RTU.

18. The fire and the resulting damage was caused by the negligence, carelessness, and/or recklessness of Dometic and/or its employees, subcontractors, assignees, agents, or servants, acting within the course and scope of their employment, in the following ways:

(a) failing to properly design, manufacture, and/ or assemble the subject RTU, in a manner in which the heating element was protected from combustibles that could cause a fire;

(b) failing to properly and adequately inspect the subject RTU for a dangerous condition that could cause a fire;

(c) failing to properly and adequately test the subject RTU, which would have revealed potential failures that could cause a fire;

(d) failing to make the necessary corrections and/or adjustments, which would have identified any dangerous conditions;

(e) conducting its work in a negligent and careless manner;

(f) failing to hire and/or employ competent and experienced employees, servants, agents and/or subcontractors, so as to provide adequate, proper, and quality service;

(g) failing to properly supervise the work being done by its employees, servants, agents and/or subcontractors; and

(h) otherwise failing to exercise reasonable and proper care and skill under the circumstances.

19. As a direct and proximate result of the negligence and carelessness of Dometic as described above, CM Regent's insured was forced to have extensive restoration and repair work performed on the subject classroom trailer, and substantial personal property replaced.

20. By reason of the foregoing, and pursuant to the terms of the policies of insurance with LCCC, CM Regent was obligated to pay $54,814.83 to LCCC for the damages incurred as a result of the fire, and LCCC incurred an uninsured loss of $25,500, which was assigned to CM Regent.

WHEREFORE, Plaintiff, the CM Regent, as subrogee of Lehigh Carbon Community College, demands judgment of $80,314.83 in its favor and against defendant, Dometic Corporation, together with the costs of this action, pre-judgment interest, and any other relief this Court may deem just and proper.

## COUNT II
### STRICT PRODUCTS LIABILITY

21. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully at length herein.

22. The subject RTU that caused the fire and smoke damage to the subject classroom trailer was marketed, designed, supplied, manufactured, assembled, distributed and/or placed in the stream of commerce by Dometic.

23. The subject RTU was expected to and did reach users, including LCCC, without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold.

24. The subject RTU was designed, manufactured, assembled, distributed and/or sold in a defective condition by Defendant for the reasons set forth below.

25. At all times material hereto, the subject RTU and its component parts were defective as to its manufacture at the time it left the manufacturing facility of Dometic

26. Plaintiff avers that Dometic, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, and/or distributors, is strictly liable by:

    (a)    Designing, assembling, manufacturing, selling, supplying and distributing the subject RTU in a defective condition;

    (b)    Designing, assembling, manufacturing, selling, supplying and distributing the subject RTU that was unreasonably dangerous to its users;

    (c)    Designing, assembling, manufacturing, selling, supplying and distributing the subject RTU that was not safe for intended and represented purpose;

    (d)    Failing to incorporate proper warnings and/or safety devices to prevent combustible materials from coming in contact with the heating element of the subject RTU;

    (e)    Failing to have adequate warnings on the subject RTU; and/or

    (f)    Otherwise making a defective product.

27. The danger posed by the subject RTU was unknowable and unacceptable to the average or ordinary consumer.

28. Additionally, a reasonable person would conclude that the probability and seriousness of harm caused by the subject RTU outweighed the burden or costs of taking precautions to prevent the fire hazard posed by the product.

29. Defendant's breaches of duties pursuant to the Commonwealth of Pennsylvania's strict products liability law, as set forth above, were the proximate cause of the fire and the resulting property damage.

30. By reason of the foregoing, and pursuant to the terms of the policies of insurance with LCCC, CM Regent was obligated to pay $54,814.83 to LCCC for the damages incurred as a result of the fire, and LCCC incurred an uninsured loss of $25,500, which was assigned to CM Regent.

WHEREFORE, Plaintiff, the CM Regent, as subrogee of Lehigh Carbon Community College, demands judgment of $80,314.83 in its favor and against defendant, Dometic Corporation, together with the costs of this action, pre-judgment interest, and any other relief this Court may deem just and proper.

## COUNT III
## BREACH OF WARRANTY

31. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully at length herein.

32. Defendant, Dometic, expressly and/or impliedly warranted that the subject RTU was of merchantable quality and safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

33. The fire and the resulting damage sustained by LCCC was caused by Dometic's breach of such express and/or implied warranties.

34. As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by LCCC.

35. By reason of the foregoing, and pursuant to the terms of the policies of insurance with LCCC, CM Regent was obligated to pay $54,814.83 to LCCC for the damages incurred as a result of the fire, and LCCC incurred an uninsured loss of $25,500, which was assigned to CM Regent.

WHEREFORE, Plaintiff, the CM Regent, as subrogee of Lehigh Carbon Community College, demands judgment of $80,314.83 in its favor and against defendant, Dometic Corporation, together with the costs of this action, pre-judgment interest, and any other relief this Court may deem just and proper.

### DESIGNATION OF TRIAL COUNSEL

John. R. Slattery, Esquire is hereby designated as trial counsel on behalf of the plaintiff in the within action.

                CRAWFORD LAW

                BY: *s/ John R. Slattery*
                JOHN R. SLATTERY
                State Bar ID: 91504
                200 Four Falls Corporate Center, Suite 109
                Conshohocken, PA 19428
                P: (215) 592-1932
                F: (215) 592-1934
                jrs@crawfordlawfirms.com
                Attorneys for Plaintiff

Dated: 2/2/2023